IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Whitney T. Tyus, pro se,<br><br>      Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>      Defendant. | )<br>)<br>)<br>) Civil Action No.: 1:24-cv-01005-STA-jay<br>) District Judge Stanley Thomas Anderson<br>) Magistrate Judge Jon A. York<br>)<br>) |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S <u>UNOPPOSED</u> MOTION FOR PERMISSION TO FILE A CD OF TELEPHONE CALL RECORDINGS**

  Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel, hereby files this <u>Unopposed</u> Motion for Permission to File a CD of Telephone Call Recordings between PRA and the Plaintiff Whitney T. Tyus ("Ms. Tyus") in support of PRA's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and as grounds therefore states as follows:

  1. On or about January 4, 2024, Ms. Tyus filed a Complaint alleging that PRA ostensibly violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") and tortiously intruded upon Ms. Tyus's privacy and seclusion when PRA allegedly requested Ms. Tyus's consumer credit report. [D.E. 1, generally].

  2. In her Complaint, Ms. Tyus alleges that PRA lacked a permissible purpose to request her consumer report because PRA allegedly had no business relationship with her. The Complaint alleges that, "… [PRA] was [not] involved in any collection activities pertaining to a debt initiated by [Ms. Tyus], thus failing to establish a permissible purpose for accessing [Ms. Tyus's] consumer report." [D.E. 1, ¶ 17].

  3. In recent correspondence between Ms. Tyus and undersigned counsel trying to resolve this matter, Ms. Tyus questioned whether she had an account with PRA.

1

4.      Unable to resolve this matter, on February 2, 2024, PRA filed a dispositive Motion in accordance with Rules 12(b)(6), 12(d), and 56, Fed. R. Civ. P., and attached to its motion a declaration from a PRA representative, a bill of sale and sale file, letters from PRA to Ms. Tyus, and a Statement of Undisputed Material Facts, all of which establish that PRA purchased Ms. Tyus's charged off Capital One credit card account and that PRA had been attempting to collect the same, thus establishing a "permissible purpose"[1] for PRA to review Ms. Tyus's credit information (the "Debt"). [D.E. 8].[2]

5.      PRA's Motion and the attached declaration also reference audio recordings of three phone calls in which a PRA representative spoke to Ms. Tyus about the Debt at issue. The recordings include Ms. Tyus's statements that she "got the card when she was 18" and did not pay because she "was 18 and wasn't thinking about making payments on the Account." In the phone calls, Ms. Tyus and PRA explored payment options and Ms. Tyus admitted she lived at the address associated with the Capital One credit card account at issue.

6.      While undersigned counsel and PRA's declarant have listened to the audio recordings of the phone calls, and while the Motion and declaration relay the substance of those audio recordings, PRA believes it appropriate to make the recordings available to the Court and to Ms. Tyus.

7.      Undersigned counsel sent a draft of this motion to Ms. Tyus via email, and Ms. Tyus has stated that she has no objection to this Motion to file the audio recordings.

---

[1] The FCRA prohibits using or obtaining a consumer report without a permissible purpose. *Daniel v. Goodyear Tire/CBSD,* 2018 U.S. App. LEXIS 29345, at *3 (6th Cir. Oct. 17, 2018).
[2] As set forth in PRA's Motion, PRA never obtained Ms. Tyus's consumer credit report though, even if it did, PRA had a permissible purpose to do so.

WHEREFORE, Portfolio Recovery Associates, LLC respectfully requests that this Court grant its Motion for Permission to File a CD of Telephone Call Recordings in support of its dispositive Motion. A proposed Order has been submitted in Word to chambers.

### LR 7.2(b) Certificate

**Undersigned counsel hereby certifies that on January 31, 2024, he reached out to the pro se plaintiff via email, provided a draft copy of this motion and asked whether Ms. Tyus objected to PRA filing with the Court and providing her a copy of a CD of the referenced audio recordings. On February 1, Ms. Tyus stated via email that she had no objection to PRA's request.**

Respectfully submitted,

/s/ *Joseph N. Tucker*

Joseph N. Tucker, Esq. (admitted WD TN)
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300 (Phone)
(502) 585-2207 (Fax)
joseph.tucker@dinsmore.com
*Counsel for Defendant Portfolio Recovery Associates, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, a copy of the foregoing was filed with the court's electronic filing system, which will send copies electronically to all counsel of record.

In addition, a copy of this filing was mailed and emailed to:

Whitney T. Tyus
41 Rose Hill Drive
Jackson, Tennessee 38301
whit.jay.lani2007@gmail.com

/s/ *Joseph N. Tucker*
*Counsel for Portfolio Recovery Associates, LLC*

3