IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WHITNEY T TYUS, pro se

    Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.

    Defendant.

Civil Action No.: 1:24-cv-01005-STA-jay
District Judge Stanley Thomas Anderson
Magistrate Judge Jon A. York

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT PORTFOLIO RECOVERY ASSOCIATES LLC MOTION TO DISMISS IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

I, Whitney Tyus, as the Plaintiff in the above-mentioned case, respectfully request that the Court deny Portfolio Recovery Associates LLC ("PRA's") motion based on the following grounds:

### STANDARD OF REVIEW

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. Barker v. Riverside Cty. Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996); Jones v. General Elec. Co. 87 F.3d 209,211 (7th Cir. 1996). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir.2009). Only if no possible construction of the alleged facts will entitle the Plaintiff to relief should the court grant the Defendant's motion. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in the Plaintiff's complaint support any legal theory that entitles the Plaintiff to some relief; the court should deny the Defendant's motion to dismiss.

**Factual Disputes Exist:** Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. In this case, there are significant factual disputes, particularly regarding the ownership of the account in question. I

have alleged that PRA does not own the account, and I contest having the account allegedly purchased in question which is a central issue in this dispute. The existence of this dispute requires a full examination of evidence through discovery.

**Discovery Has Not Yet Occurred:** As of the date of this opposition, discovery in this case has not commenced. I have not had the opportunity to gather evidence related to the ownership of the account, which is critical to the resolution of this matter. Denying me the opportunity to engage in discovery before considering a motion for summary judgment would be prejudicial and unjust.

**Precedent and Legal Complexity:** This case involves complex legal issues, including the ownership of debt accounts, which require thorough legal analysis. Legal precedent and case law may provide guidance on the appropriate interpretation of relevant statutes and regulations. Given the complexity of these issues, it is not appropriate to rush to summary judgment without a complete examination of the legal and factual landscape.

**Fair Adjudication:** It is essential to ensure that the parties have a fair and equitable opportunity to present their respective cases. Granting summary judgment at this stage would deprive me of my right to present evidence, cross-examine witnesses, and fully develop my case. Fair adjudication requires that both parties have a chance to make their case through the standard litigation process, including discovery.

**Exhibits Presented is Hearsay:** The exhibits presented by PRA constitute hearsay and do not meet the business exception rule, which allows for the admission of certain business records. It is important to note that the mere assertion that a document is a business record does not automatically qualify it for this exception. The content, source, and reliability of the document must meet specific legal criteria to be considered a business record and, therefore, admissible.

## ARGUMENT

The assertion of a "permissible purpose" under the Fair Credit Reporting Act (FCRA) is contested. The FCRA requires that a party obtaining a consumer report must have a legitimate and permissible purpose, such as for a credit transaction or collection of a debt. Given the disputed ownership of the debt, the establishment of a permissible purpose is not sufficiently clear at this stage. Therefore, a determination of permissible purpose should be made after a full examination of the facts and evidence during the litigation process.

Additionally, PRA argues that they did not request or obtain my consumer report in a manner that supports my claims. However, the specifics of how and when the consumer report was requested and obtained are matters that require further investigation and the presentation of

evidence. The absence of evidence in the current record does not conclusively establish the absence of wrongdoing, and a comprehensive examination is needed.

It's important to emphasize that the attached materials provided by PRA, which purportedly establish their purchase of a defaulted credit card account from Capital One, are subject to dispute and interpretation. The issue of whether PRA genuinely acquired and owned the debt in question and that the alleged debt belongs to me remains a significant point of contention. The mere assertion of debt ownership is not sufficient to conclude the matter at this stage, as the authenticity and validity of such claims should be thoroughly examined through the standard litigation process. Additionally, while PRA contends that they were attempting to collect my debt and, therefore, had a "permissible purpose" under the Fair Credit Reporting Act (FCRA), the determination of permissible purpose should be based on a comprehensive assessment of the facts and evidence, which necessitates further examination during the course of litigation. Thus, summary dismissal of my claims is premature, and a fair and impartial adjudication of the case should be pursued through the appropriate legal proceedings, including discovery and, if necessary, trial.

It's important to acknowledge that PRA has attached materials indicating their purchase of a defaulted credit card account from Capital One which should be stricken and not considered as evidence. It's crucial to note that the hearsay issue arises because the records maintained by PRA are not considered as part of the normal course of business, as established in the precedent set by *Midland Funding, LLC v. Stimpson, CV-14-830-C*. "Once these original business records were disturbed, tossed into the computer to be culled, reorganized, restructured and restated, they lost the two critical elements of the business record hearsay exemption—the resulting special file for transfer no longer pertained to a regularly conducted activity of a business, and the source entries made to create these individual accounts within the transfer files were not made by persons with knowledge at the time of the acts in question."

While PRA contends that they were attempting to collect my debt and, therefore, had a "permissible purpose" to request my consumer report, it is important to emphasize that the determination of permissible purpose should consider the context and circumstances, including the disputed ownership of the debt and proof of the original contract Plaintiff allegedly had with Capital One which is also disputed.

It's important to clarify the distinction between a "consumer report" and an "account review inquiry" and the relevance of this distinction in the context of my claims. PRA contends that they did not review or obtain my "consumer report" but received an "account review inquiry" from the consumer reporting agencies. It's crucial to highlight that these terms have specific meanings within the realm of credit reporting.

While PRA may argue that they did not access a "consumer report" in the traditional sense, it's essential to emphasize that the practical impact of the information they received is substantial. An "account review inquiry" may not be identical to a traditional "consumer report" delivered to creditors, but it nonetheless contains vital updated information about the consumer, which is central to my claims. This updated information, including changes in address or phone numbers, is pertinent.

Moreover, the assertion that PRA did not access or receive a "consumer report" should be assessed in light of the specific facts of this case, including the nature of the information exchanged and its relevance to my claims. The question of permissible purpose remains subject to dispute, particularly when considering the broader context of the case, such as the contested ownership of the debt and dispute that I even had a defaulted debt with Capital One. Therefore, a comprehensive examination of these factors through the standard litigation process is necessary to ensure a fair and just resolution of the matter.

In response to PRA's assertion regarding the tort claim for invasion of privacy, it's critical to address the core argument made by emphasizing the legal principles and case law in play. PRA contends that, even if they had obtained my consumer report (which they dispute), their actions were in accordance with a "permissible purpose," making it not an unreasonable intrusion into my privacy and seclusion.

However, it's essential to underscore that the determination of whether PRA's actions constituted an unreasonable intrusion into my privacy involves a nuanced analysis. While PRA may argue that they had a permissible purpose, the Sixth Circuit case law does not provide a blanket immunity for actions that may impact a consumer's privacy rights. Instead, it calls for a careful examination of the specific circumstances and the reasonableness of the intrusion.

Moreover, the dispute regarding whether PRA indeed obtained my consumer report and the broader context of the case, including the contested debt ownership, warrant a comprehensive legal assessment. Therefore, the question of whether PRA's actions amounted to an invasion of privacy cannot be resolved summarily and necessitates a fair and thorough examination through the standard litigation process.

While PRA asserts that their actions were justified by a permissible purpose, the determination of an invasion of privacy claim is a nuanced legal matter that requires a detailed analysis of the facts and legal principles involved. As such, dismissing the claims at this stage would be premature, and a fair resolution should be pursued through the appropriate legal proceedings, including discovery and, if necessary, trial.

## STATEMENT OF MATERIAL FACTS RESPONSE

In response to the statement of facts provided by PRA regarding the purchase of a portfolio of defaulted credit card accounts from Capital One in July 2011, it's important to acknowledge that PRA has presented documents and an excerpt of Sale Files to support their claim. However, it's essential to emphasize that these documents and excerpts are subject to dispute and interpretation. The mere attachment of documents, even with redacted information, does not conclusively establish the authenticity, accuracy, or legal implications of the transaction.

The assertion that an account alleged to be mine was included in PRA's purchase from Capital One is a contested fact that must be examined in a comprehensive legal context. Disputed ownership of debt is central to this case, and the authenticity of documents related to the purchase should be thoroughly assessed through the standard litigation process, including the presentation of evidence, expert testimony if necessary, and cross-examination.

The redacted nature of the documents raises questions about the completeness and relevance of the information presented. Therefore, while PRA provides documents related to the purchase, the determination of the impact of these documents on the case requires a fair and impartial examination within the legal framework of the litigation process. Dismissing or accepting these statements as facts prematurely would not serve the interests of justice and a thorough legal resolution.

In addition to the points made earlier, it's important to briefly mention that the documents presented by PRA should be scrutinized for their admissibility as they constitute hearsay. Hearsay documents, even if related to the purchase of the debt, require a careful assessment of their authenticity and compliance with the business records exception. The determination of whether these documents are admissible as evidence is a critical aspect of the litigation process and should be made within the established legal framework during the course of the case.

## PLAINTIFF DISPUTES THAT PRA ACQUIRED ACCOUNT/DEBT FROM CAPITAL ONE AND ATTEMPTS TO COLLECT

Regarding PRA's claim that they contacted me over the years to collect the alleged debt, it's essential to emphasize that these allegations are currently disputed and require further discovery and examination. While PRA asserts that they made contact for debt collection purposes, the veracity and legality of these communications need to be thoroughly investigated within the legal framework of this case.

Specifically, the nature of these contacts, including the content, timing, and compliance with applicable consumer protection laws, remains subject to dispute. To accurately assess the validity

of these allegations, it is crucial to engage in the discovery process to gather relevant evidence, including records of communication, correspondence, and any potential violations of consumer rights.

Moreover, the contested ownership of the debt and the accuracy of the information related to the alleged debt collection activities further underscore the need for comprehensive discovery and legal examination. As such, the allegations of debt collection contact should be considered within the broader context of this case, and a fair and impartial resolution should be pursued through the appropriate legal procedures, including discovery and potential trial.

## PRA ADMITS TO RECEIVING "ACCOUNT REVIEW INQUIRIES" PERTAINING TO PLAINTIFF

In response to PRA's assertion that they obtain "account review inquiries" from consumer reporting agencies as part of their business model, it's crucial to reiterate the central issue in this case: the disputed ownership of the alleged account and the contention that I did not have an account with Capital One, the referenced creditor.

While PRA describes the process of receiving "account review inquiries," it's important to emphasize that the automatic generation of these inquiries by consumer reporting agencies does not resolve the fundamental dispute regarding the validity of the debt and PRA's ownership of it. The fact that these inquiries are generated based on predetermined monitoring prompts by third-party agencies underscores the need for a comprehensive examination of the information's accuracy and relevance to the contested debt.

Furthermore, it is essential to recognize that the automatic generation of account review inquiries does not automatically grant PRA a legitimate claim to the alleged debt. The central issue remains unresolved and requires a thorough legal evaluation, including the presentation of evidence and expert testimony if necessary, to determine the true ownership of the debt and the validity of the claims made by PRA.

While PRA may receive account review inquiries as part of their business model, the critical matter at hand is the disputed ownership of the alleged account and the accuracy of the debt-related information. This dispute cannot be conclusively resolved without a comprehensive legal examination and due process, which should be pursued to ensure a fair and just outcome.

The FCRA imposes specific requirements on the permissible purpose for accessing consumer reports, and the nature of the inquiry, whether "soft" or not, should be assessed within the legal framework established by the FCRA. The absence of certain entries in PRA's collection log does

not conclusively resolve the dispute, and a thorough legal examination is necessary to determine compliance with the FCRA's requirements.

## PLAINTIFF FILES THE INSTANT COMPLAINT AGAINST PRA

My complaint against PRA asserts that I received from Experian and TransUnion a copy of a "consumer report." PRA lacked a permissible purpose to obtain my consumer report, because PRA was not "involved in any collection activities pertaining to a debt. PRA willfully or negligently failed to comply with the FCRA when it obtained my consumer report. PRA unreasonably intruded upon my privacy and seclusion when PRA obtained my consumer reports.

It's important to reiterate that the central issue in this case is the contested ownership of the alleged account and the disputed existence of the debt itself. While PRA claims to have had a permissible purpose, this assertion remains contested and subject to legal scrutiny.

Additionally, PRA emphasizes that they did not obtain my consumer report but rather received information from "account review inquiries" that do not appear on a consumer report but on personal credit reports provided to consumers. However, it's crucial to recognize that the nature of the inquiry and the accuracy of the information received should be examined within the context of the FCRA's requirements and the broader dispute over the debt.

Furthermore, PRA argues that, because they owned the debt and could still seek to collect it even after the statute of limitations expired, they had a permissible purpose to obtain a consumer report. Nevertheless, this argument assumes the validity of their ownership claim and does not address the underlying dispute.

In conclusion, while PRA asserts permissible purposes for their actions, the contested nature of the debt, ownership, and the accuracy of the information received require a comprehensive legal examination within the established legal procedures. The resolution of these critical issues cannot be summarily determined, and a fair and impartial resolution should be pursued through appropriate legal processes, including discovery and potential trial.

## PRA NEVER HAD A PERMISSIBLE PURPOSE TO REVIEW CREDIT INFORMATION

It is crucial to reiterate that the central dispute in this case revolves around the contested ownership of the alleged debt and the validity of their collection efforts.

While PRA claims that they owned and attempted to collect the debt, it's important to emphasize that the ownership of the debt itself remains a disputed and contested element of this case. The mere assertion of ownership does not conclusively resolve the underlying dispute, and the validity of their claims should be assessed within the legal framework and through established legal procedures.

Furthermore, the argument that my awareness of PRA's collection efforts through letters and phone calls justifies their access to my consumer report assumes the accuracy of their ownership claim, which remains contested. The central issues of contested ownership and the validity of debt-related claims cannot be summarily resolved. The resolution of these critical elements requires a comprehensive legal examination within the established legal processes, and a fair and impartial determination should be pursued through the appropriate legal procedures, including discovery and potential trial.

While PRA claims that I have been aware of their collection efforts, it's crucial to emphasize that the FCRA imposes specific requirements and restrictions on the permissible purpose for accessing consumer reports. Merely being aware of collection activities does not grant a permissible purpose for accessing my consumer report, especially if the ownership of the debt remains disputed.

Furthermore, the assertion that courts have held that receiving account review inquiries does not violate the FCRA should be evaluated within the specific legal context and standards applicable to this case. The central issue remains the contested ownership of the debt and the validity of their claims.

It is essential to reiterate that the central issue in this case is the contested ownership of the alleged account, and the primary dispute revolves around whether PRA can substantiate their claim of ownership. While PRA repeatedly asserts that they had a reason to access my consumer report, it is crucial to emphasize that the key question is whether they genuinely own the account in question.

Without a clear and substantiated ownership claim, any argument regarding a permissible purpose for accessing the consumer report becomes secondary. The fundamental requirement for establishing a permissible purpose is a valid and undisputed ownership interest in the debt.

In summary, the primary focus should remain on resolving the dispute over ownership and substantiating the validity of PRA's claims. Without unequivocal proof of ownership, any assertion that PRA had permissible purposes becomes premature, and the core issue remains unresolved.

## PRA UNREASONABLY INTRUDED UPON PLAINTIFF'S PRIVACY AND SECLUSION

PRA's admits throughout this memo in regards to their business practices intrusion upon my privacy and seclusion. At the heart of the matter lies the contentious dispute over the ownership of the alleged debt and that the alleged debt belongs to the Plaintiff, as PRA has failed to conclusively establish their rightful claim. This ambiguity surrounding ownership casts doubt on the legitimacy of their access to my consumer report, ultimately leading to concerns about the violation of my fundamental privacy expectations. It is important to underscore that individuals hold a reasonable expectation of privacy when it comes to their financial and credit information, including the information that PRA has admitted to accessing, a safeguarded principle enshrined in laws like the FCRA. Regardless of the reasons PRA cites for their actions, intrusion into my privacy occurred because they do not own the alleged debt and I assert the alleged debt never belonged to me. The potential consequences on my financial well-being and overall privacy further amplify the significance of this intrusion.

## HEARSAY DOCUMENTS SUBMITTED WITH DEFENDANT'S CLAIMS OF OWNERSHIP

In light of Portfolio Recovery Associates' (PRA) failure to present any credit card agreement or contract related to the alleged Capital One account, several critical issues arise. Firstly, the absence of a credit card agreement raises doubts regarding the existence of a valid contractual relationship between myself and Capital One. Without such a contractual basis, questions about the legitimacy of the claimed debt and its compliance with applicable laws and regulations come to the forefront.

Furthermore, the lack of a credit card agreement casts uncertainty on whether PRA had a permissible purpose to access my consumer report. A permissible purpose hinges on the existence of a valid debt and the lawful authority to collect it. Given the absence of a credit card agreement, the very foundation of a permissible purpose is called into question.

Moreover, I would like to point out that the bill of sale presented by PRA, which they rely on to assert ownership, contains significant deficiencies. It is important to note that this exhibit is hearsay and lacks completeness, as it references a **"Receivables sale agreement" as of July 8, 2011**, intentionally left unattached. The omission of this critical document further muddles the ownership claim, making it imperative for PRA to provide a complete and legally sound basis for their assertion.

The absence of a credit card agreement not only raises doubts about the validity of the claimed debt but also questions the permissible purpose for accessing my consumer report. Additionally, the incomplete and hearsay nature of the bill of sale exhibits lack of ownership.

It is essential to address the document containing the Plaintiff's account information, which raises additional concerns. Firstly, this document is hearsay, and its validity as a reliable source of information is questionable. Secondly, there is no conclusive evidence to demonstrate that this spreadsheet is indeed attached to any bill of sale or associated with the alleged purchase of an account. This spreadsheet appears as a standalone document lacking the necessary verification to establish its authenticity and its direct connection to the purported account acquisition. Consequently, it cannot be accepted as definitive proof of ownership or the validity of the claimed debt. Clarification and substantiation of the document's origin and relevance to the case are imperative to address these doubts comprehensively.

### AFFIDAVIT SUBMITTED BY PRA'S CUSTODIAN OF RECORDS, MERYL DREANO

The affidavit submitted by PRA's custodian of records, Meryl Dreano, raises substantial concerns regarding its validity and relevance to the case at hand. Ms. Dreano, as an employee of Portfolio Recovery Associates (PRA), cannot reasonably attest to the business records of Capital One, an entirely separate entity. Given the pivotal role that business records play in establishing ownership and the validity of the claimed debt, it is crucial to ensure that the affiant possesses the requisite knowledge and authority to make such attestations. Furthermore, in the interest of fair and thorough discovery, I assert that the opportunity to subpoena and depose Ms. Dreano should be afforded, as her testimony and insights may shed light on the accuracy and legitimacy of the records presented by PRA.

### DEFENDANT PRA'S STATEMENT OF UNDISPUTED MATERIAL FACTS

PRA's submission of "DEFENDANT PRA'S STATEMENT OF UNDISPUTED MATERIAL FACTS" in a attempt to obtain a summary judgment is misleading in the context of this case, primarily because the material facts presented therein are far from undisputed. The plaintiff vehemently denies and disputes all points put forth by PRA, as they hinge on the central issue of ownership and permissible purpose.

The core contention in this case revolves around the ownership of the alleged debt, with no ownership there is no permissible purpose. It is a matter of dispute that PRA has adequately demonstrated ownership. Given this critical dispute, any statement of material facts must necessarily include a comprehensive discussion of the contested ownership, rather than asserting

these facts as undisputed. As such, all points raised by PRA regarding the alleged debt, the purchase of accounts, and related matters are firmly denied and disputed by the plaintiff due to the lack of conclusive evidence establishing ownership and permissible purpose. The material facts cannot be regarded as undisputed until this fundamental issue is resolved.

## CONCLUSION

PRA has failed to provide any relevant admissible evidence that is not hearsay that it had any statutorily compliant authority to attempt to collect on any alleged debt from the Plaintiff or any right to conduct an "account review inquiry" into the Plaintiff's consumer report and consumer file. PRA has failed to provide an authenticated copy of any enforceable contract or any "assignment" from any alleged original creditor regarding any alleged debt whether or not any such alleged debt is in default. The Plaintiff respectfully requests that the Court take notice of the well-pled allegations of the pro se Plaintiffs complaint, which this court must accept as true at this juncture of the proceedings, and which in light of the Plaintiff's pro se status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

WHEREFORE, because the Defendant has failed to bring forth any cognizable or legitimate arguments for dismissal before this honorable Court, the Plaintiff respectfully requests the Court to deny the Defendant's Motion to Dismiss/Summary Judgement and allow the Plaintiffs claim to move forward to trial on the merits. In the event the Court finds that the Plaintiff has failed to state a claim as alleged by the Defendant, the Plaintiff requests leave of this court to file an amended complaint to cure any deficiencies identified by this Honorable Court.

Respectfully submitted this 5th day of February, 2024.

/s/ Whitney T Tyus
Whitney T. Tyus
41 Rose Hill Drive
Jackson, Tennessee 38301

whit.jay.lani2007@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT PRA MOTION TO DISMISS/SUMMARY JUDGMENT was filed on February 5, 2024 with the Clerk of Court, and a copy was mailed and emailed on February 5, 2024 by first class mail to counsel for, Portfolio Recovery Associates LLC, listed below.

Joseph N. Tucker
Dinsmore & Shohl LLP
101 South Fifth Street
Suite 2500
Louisville, KY 40202
Phone: 502-540-2300
Fax: 502-585-2207
Joseph.tucker@dinsmore.com
Counsel for Defendant Portfolio recovery Associates, LLC

/s/ Whitney T Tyus
Whitney T Tyus
41 Rose Hill Drive
Jackson, Tennessee 38301
whit.jay.lani2007@gmail.com