IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

**RECEIVED**

FEB - 9 2024

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Jackson

| | |
|---|---|
| WHITNEY T TYUS, pro se,<br><br>      Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>L.L.C.<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 1:24-cv-01005-STA-jay
District Judge Stanley Thomas Anderson
Magistrate Judge Jon A. York

## MOTION TO STRIKE DECLARATION OF MERYL DREANO IN SUPPORT OF PRA'S DISPOSITIVE MOTION (EXHIBIT A) AND BILL OF SALE AND LOAN DATA (EXHIBIT A1)

I, Whitney Tyus, (herein after "Plaintiff") as the Plaintiff in the above-mentioned case, respectfully request that the Court to Strike the Declaration of Meryl Dreano In Support of Portfolio Recovery Associates LLC ("PRA's") Dispositive Motion and Bill of Sale and Loan Data based on the following grounds:

## BACKGROUND

1.      On or about January 4, 2024, I initiated this lawsuit against the Defendant, Portfolio Recovery Associates, LLC ("PRA") for Permissible Purpose of access to my consumer reports and Invasion of Privacy- Intrusion on Seclusion.

2.      On or about February 2. 2024, Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel introduce a DECLARATION OF MERYL DREANO IN

SUPPORT OF PRA'S DISPOSITIVE MOTION [D.E. 8-1] [EXHIBIT A], in response to my complaint.

3.      On or about February 2. 2024, Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel introduce BILL OF SALE AND LOAN DATA. [D.E. 8-2] [EXHIBIT A1], in response to my complaint, purportedly documenting the transfer of certain information or assets relevant to this case.

**IN SUPPORT OF MOTION TO STIKE DECLATION OF MERYL DREANO**

Grounds for Motion:

4.      Defendants, PRA has submitted into evidence a Declaration of Meryl Dreano (herein after "Ms. Dreano") claiming that the affiant has personal knowledge of "ALL MATTERS DESCRIBED IN THIS DECLARION" related to a Capital One account alleged to be defaulted on by the Plaintiff.  DECLARATION OF MERYL DREANO IN SUPPORT OF PRA'S DISPOSITIVE MOTION (hereinafter referred to as "EXHIBIT A"). [D.E. 8-1, ¶ 1]

5.      Ms. Dreano affirms that on July 28,2011, PRA purchased from Capital One via A Bill of Sale a large portfolio of defaulted and charged off credit cards. Included in those Sale Files was information on an account with the Plaintiff. [D.E. 8-1, ¶ 5]

6.      Ms. Dreano also affirms that she serves as a Custodian of Records for PRA but failed to make it known to the court how long she has held this position with PRA to have access to PRA records. [D.E. 8-1, ¶ 3]

7.      Ms. Dreano also affirms that she has been an Authorized Representative for PRA for

approximately 10 years. [D.E. 8-1, ¶ 2]

8.      By Ms. Dreano's own statements she was NOT and employee of PRA nor a Custodian of

Records for PRA when the alleged debt was said to be acquired by PRA from Capital One via a

Bill of Sale on or about July 28, 2011. Meaning she has no first-hand knowledge of how the

transfer of the assignment of debt happened, nor how the business records came into PRA's

possession, only that to the best of her belief they "represent" the actual records from the original

creditor, Capital One are true and correct.

9.      Ms. Dreano can not attest to acts and events that allegedly occurred between the Plaintiff

and a third party, Capital One.

10.     Ms. Dreano can not attest to the business practices of PRA nor its records keeping during

a time that she was not even an employee for the PRA nor a Custodian of Records for a PRA.

[D.E. 8-1, ¶ 4,5,6]

11.     Upon information and belief, Ms. Dreano, at no point in her declaration stated that she is

currently or in the past worked for Capital One in any compacity to have first hand knowledge of

how Capital One conducts business, keeps their business records deal with charged off debt, nor

the transfer or assignment of said debt. [D.E. 8-1, ¶ 7]

12.     The declaration submitted by PRA's Custodian of Records, Ms.Dreano, raises substantial

concerns regarding its validity and relevance to the case at hand. Ms. Dreano, as an employee of

Portfolio Recovery Associates (PRA), cannot reasonably attest to the business records of Capital One, an entirely separate entity. See Oak Hill Cemetery of Hammond, Inc. v. First National Bank of Kokomo, 553 N.E.2d 1249, 1252 (Ind. Ct.App. 1990) (affidavit improper where affiant did not, and probably could not, attest from personal knowledge to truthfulness of third-party's out-of-court assertions set forth in affidavit);

13.     Given the pivotal role that business records play in establishing ownership and the validity of the claimed debt, it is crucial to ensure that the affiant possesses the requisite knowledge and authority to make such attestations. Furthermore, in the interest of fair and thorough discovery, I assert that the opportunity to subpoena and depose Ms. Dreano should be afforded, as her testimony and insights may shed light on the accuracy and legitimacy of the records presented by PRA.

14.     Ms. Dreano is basing her whole declaration on second-hand knowledge that she has found in PRA's computer system and files rather than first-hand knowledge of the facts of this case.

15.     Ms. Dreano is unqualified to testify as to the truthfulness of the information contained in Exhibit A1.

## IN SUPPORT OF MOTION TO STIKE BILL OF SALE AND LOAN DATA [EXHIBIT A1]

Grounds for Motion:

16.     Admissibility Concerns: The bill of sale lacks authentication and fails to meet the admissibility requirements under the applicable rules of evidence. Without proper authentication and foundation, the document's reliability and accuracy cannot be verified.

17.     In response to the statement of facts provided by PRA regarding the purchase of a portfolio of defaulted credit card accounts from Capital One in July 2011, it's important to acknowledge that PRA has presented documents and an excerpt of Sale Files to support their claim. However, it's essential to emphasize that these documents and excerpts are subject to dispute and interpretation. The mere attachment of documents, even with redacted information, does not conclusively establish the authenticity, accuracy, or legal implications of the transaction.

18.     The redacted nature of the documents raises questions about the completeness and relevance of the information presented.

19.     It is essential to address the document containing the Plaintiff's account information, which raises additional concerns. Firstly, this document is hearsay, and its validity as a reliable source of information is questionable. Secondly, there is no conclusive evidence to demonstrate that this spreadsheet is indeed attached to any bill of sale or associated with the alleged purchase of an account. This spreadsheet appears as a standalone document lacking the necessary verification to establish its authenticity and its direct connection to the purported account acquisition. Consequently, it cannot be accepted as definitive proof of ownership or the validity of the claimed debt. Clarification and substantiation of the document's origin and relevance to the case are imperative to address these doubts comprehensively.

20.    The Bill of Sale and Loan documents presented by PRA should be scrutinized for their admissibility as they constitute hearsay. These are third party documents from Capital one without and anyone from Capital One or PRA with firsthand knowledge attesting to the truthfulness and accuracy of the documents. Hearsay documents, even if related to the purchase of the debt, require a careful assessment of their authenticity and compliance with the business records exception. The determination of whether these documents are admissible as evidence is a critical aspect of the litigation process.

21.    In light of Portfolio Recovery Associates' (PRA) failure to present any credit card agreement or contract related to the alleged Capital One account, several critical issues arise. Firstly, the absence of a credit card agreement raises doubts regarding the existence of a valid contractual relationship between myself and Capital One. Without such a contractual basis, questions about the legitimacy of the claimed debt and its compliance with applicable laws and regulations come to the forefront.

22.    The absence of a credit card agreement not only raises doubts about the validity of the claimed debt but also questions the permissible purpose for accessing my consumer report. Additionally, the incomplete and hearsay nature of the bill of sale exhibits lack of ownership of the account in question.

23.    Furthermore, the lack of a credit card agreement casts uncertainty on whether PRA had a permissible purpose to access my consumer report. A permissible purpose hinges on the existence of a valid debt and the lawful authority to collect it. Given the absence of a credit card agreement, the very foundation of a permissible purpose is called into question.

24.     I would also like to point out that the bill of sale presented by PRA, which they rely on to assert ownership, contains significant deficiencies. It is important to note that this exhibit is hearsay and lacks completeness, as it references a **"Receivables sale agreement" as of July 8, 2011**, intentionally left unattached. The omission of this critical document further muddles the ownership claim, making it imperative for PRA to provide a complete and legally sound basis for their assertion.

25.      Lack of Relevance: The bill of sale submitted by the defendant is not relevant to the claims asserted in the present litigation. The document fails to establish a connection between the alleged transaction and the permissible purpose for which I initiated this lawsuit.

26.     Undue Prejudice: Allowing the admission of the bill of sale would unduly prejudice the Plaintiff by introducing irrelevant and potentially misleading evidence into the proceedings. Its admission would confuse the issues and distract from the central matters at hand.

## <u>CONCLUSION</u>

27.     The exhibits presented by PRA constitute hearsay and do not meet the business exception rule, which allows for the admission of certain business records.  It is important to note that the mere assertion that a document is a business record does not automatically qualify it for this exception. The content, source, and reliability of the document must meet specific legal criteria to be considered a business record and, therefore, admissible.

28.     It's important to acknowledge that PRA has attached materials indicating their purchase of a defaulted credit card account from Capital One which should be stricken and not considered

as evidence. It's crucial to note that the hearsay issue arises because the records maintained by

PRA are not considered as part of the normal course of business, as established in the precedent

set by *Midland Funding, LLC v. Stimpson*, *CV-14-830-C*. "Once these original business records

were disturbed, tossed into the computer to be culled, reorganized, restructured and restated, they

lost the two critical elements of the business record hearsay exemption—the resulting special file

for transfer no longer pertained to a regularly conducted activity of a business, and the source

entries made to create these individual accounts within the transfer files were not made by

persons with knowledge at the time of the acts in question."


WHEREFORE, in light of the foregoing, the Plaintiff prays this Honorable Court grant the

following relief "Exhibit A" and "Exhibit A1" be stricken from the record; Preclude the

defendant from introducing the Bill of Sale or any evidence derived therefrom at trial; Any other

relief deemed just and proper by the Court. For the reasons stated above, I urge this Honorable

Court to grant this MOTION TO STRIKE DECLARATION OF MERYL DREANO IN

SUPPORT OF PRA'S DISPOSITIVE MOTION (EXHIBIT A) AND BILL OF SALE AND

LOAN DATA (EXHIBIT A1) and uphold the principles of fairness and relevance in the

adjudication of this matter. Thank you for your attention to this matter.


Respectfully submitted this 9th day of February, 2024.


/s/ Whitney T Tyus_____
   Whitney T. Tyus
   41 Rose Hill Drive
   Jackson, Tennessee 38301
   whit.jay.lani2007@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the PLAINTIFF'S MOTION TO STRIKE DEFENDANT PORTFOLIO RECOVERY ASSOCIATES LLC UNOPPOSED MOTION FOR PERMISSION TO FILE A CD OF TELEPHONE CALL RECORDINGS was filed on February 9, 2024 with the Clerk of Court, and a copy was emailed on February 9, 2024 to counsel for, Portfolio Recovery Associates LLC, listed below.

      Joseph N. Tucker
      Dinsmore & Shohl LLP
      101 South Fifth Street
      Suite 2500
      Louisville, KY 40202
      Phone: 502-540-2300
      Fax: 502-585-2207
      Joseph.tucker@dinsmore.com
      Counsel for Defendant Portfolio recovery Associates, LLC

                        /s/ Whitney T Tyus_____
                          Whitney T Tyus
                          41 Rose Hill Drive
                          Jackson, Tennessee 38301
                          whit.jay.lani2007@gmail.com