IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | | |
|---|---|---|
| WHITNEY TYUS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 1:24-cv-1005-STA-jay** |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

---

On July 31, 2024, the United States Magistrate Judge issued (ECF No. 22) an order denying Defendant Portfolio Recovery Associates' Motion to Dismiss or in the alternative Motion for Summary Judgment (ECF No. 8), denying Defendant's Motion for Permission to File a CD of Telephone Call Recordings (ECF No. 9),[1] and denying Plaintiff Whitney Tyus's Motion to Strike the Declaration of Meryl Dreano (ECF No. 18).  Plaintiff has filed a timely appeal of the Magistrate Judge's order (ECF No. 23).  For the reasons set forth below, the Court **AFFIRMS** the order and **OVERRULES** Plaintiff's objection.

Pursuant to Administrative Order 2013-05, the Court has referred cases filed by non-

---

[1] Defendant originally included a certificate of consultation in its motion for permission to File, stating that Plaintiff did not oppose its request to submit a CD containing the audio recording. Based in part on that certification, the Magistrate Judge granted Defendant's motion for permission on February 4, 2024.  Plaintiff then filed a motion to strike Defendant's motion for permission, pointing out that she had, in fact, conferred with counsel for Defendant before the motion was filed and stated to him that she would oppose the motion.  Defendant responded to Plaintiff's motion to strike and acknowledged the erroneous statement in the certificate of consultation.  The Magistrate Judge withdrew his order granting the motion for permission and instructed the Clerk to reinstate Defendant's motion.  In his July 31, 2024, order, the Magistrate Judge denied the motion for permission without prejudice but also permitted Defendant to file the CD with its forthcoming motion for summary judgment.

prisoner plaintiffs to a United States Magistrate Judge for the management of all pretrial matters, including a determination of motions like those the parties have filed in this case. As part of his consideration of Defendant's dispositive motion, the Magistrate Judge determined that Plaintiff had not properly responded to Defendant's factual contentions, a briefing requirement under Federal Rule of Civil Procedure 56 and Local Rule 56.1. In order to give Plaintiff a full opportunity to be heard on the evidence, the Magistrate Judge denied Defendant's motion without prejudice and instructed Defendant to re-file the motion as a Rule 56 motion for summary judgment. The Magistrate Judge likewise denied without prejudice Defendant's motion to submit a CD containing audio recordings as evidence in support of Defendant's request for dismissal but granted Defendant permission to file the recording as part of its renewed motion for summary judgment. Finally, the Magistrate Judge denied Plaintiff's motion to strike one of the declarations submitted by Defendant as evidentiary support for its dispositive motion.

In her appeal of the Magistrate Judge's order, Plaintiff does not object to all of the Magistrate Judge's rulings, only his decision to allow the submission of the audio evidence with Defendant's forthcoming motion for summary judgment. Plaintiff argues that Defendant's exhibit did not include the full recording of the telephone calls between Plaintiff and Defendant's employees. Without the full contents of the call, Plaintiff argues that the evidence is not admissible and the Court cannot make a fair determination of the undisputed facts for purposes of summary judgment.

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d

424 (1980)). *See also* 28 U.S.C. § 636(b)(1). Defendant's motion to dismiss or motion for summary judgment was case dispositive. However, the Magistrate Judge did not reach the merits of the motion. The Magistrate Judge simply issued a non-dispositive ruling on the proper briefing of the motion, a ruling subject to review under the clearly erroneous or contrary to law standard.

Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am. Jur. 2d *Federal Courts* 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

The Court holds that the Magistrate Judge's decision to deny Defendant's motion without prejudice, while also granting Defendant permission to file the exhibit with a future motion, was not clearly erroneous or contrary to law. Defendant simply sought approval for the filing of the physical media containing certain recorded telephone calls. As part of the evidence cited in support of its dispositive motion, Defendant submitted the declaration of Meryl Dreano (ECF No. 8-1).

3

The Dreano declaration described the contents of recorded telephone calls between Plaintiff and employees of Defendant in which Defendant was allegedly attempting to collect a debt and Plaintiff allegedly made statements about the debt.[2]  In addition to the Dreano declaration, Defendant also sought leave to file recordings of the telephone calls themselves, both to provide the recordings to the Court for review as part of its determination of the motion for summary judgment and to produce a physical copy of the recordings to Plaintiff.  Plaintiff opposed Defendant's motion for permission based on the admissibility of the evidence contained on the CD.  But Defendant was not seeking a ruling on the admissibility of the recordings themselves, just the Magistrate Judge's permission to file the CD with the Court.

Plaintiff's appeal of the Magistrate Judge's order once more challenges the admissibility of the recordings but without showing why the Magistrate Judge erred by allowing Defendant to submit the recordings.  The Magistrate Judge likely cannot assess the admissibility of the recordings without also listening to the contents of the recordings.  To the extent she believes the recordings are incomplete, Plaintiff will have an opportunity to present any evidence she wants the Magistrate Judge to consider as part of the briefing on Defendant's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A) & (B) (requiring a party "asserting that a fact . . . is genuinely disputed" to support the assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . or that an adverse party cannot produce admissible evidence to support the fact").

Plaintiff will also have the chance to object to the admissibility of any evidence on which Defendant might rely as grounds for summary judgment.  Fed. R. Civ. P. 56(c)(2) ("A party may

---

[2] Plaintiff's motion to strike, which the Magistrate Judge denied as part of his July 31, 2024, order on briefing procedures, argued that the Court should disregard the Dreano declaration.

object that the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence."). Local Rule 56.1 governs motions practice under Federal Rule of Civil Procedure 56 and spells out the correct procedure for raising evidentiary objections to materials filed with a motion for summary judgment. Local R. 56.1(e) ("Objections to evidentiary materials offered in support of or in opposition to motions for summary judgment shall be included within a timely response or reply memorandum, shall be separately designated as a specific evidentiary objection, and shall identify the Rule of Evidence or other authority that establishes inadmissibility of the proffered evidence."). Permitting Defendant to file the physical exhibit containing the evidence in no way prevents Plaintiffs from later raising an objection to the admissibility of the evidence stored on the exhibit.

Therefore, the Court **OVERRULES** Plaintiff's objection and **AFFIRMS** the Magistrate Judge's order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 20, 2024

5